65  735
65  763

WILLIAM WARWICK, complainant and respondent,

*v.*

WILLIAM D. PERRINE et al., defendants and appellants.

[Filed August 19th, 1903.]

A bill to set aside, as fraudulent as to creditors, several deeds of land conveyed by the judgment debtor to distinct grantees, is not multifarious, when it does not appear how many of such deeds are to be set aside or in what order, and all the grantees are entitled to be heard on such questions.

---

On appeal from a decree advised by Vice-Chancellor Pitney.

*Mr. Howard W. Hayes* and *Mr. George Biller,* for the appellants.

*Mr. Adrian S. Appelget,* for the respondent.

The opinion of the court was delivered by

FORT, J.

The bill in this case is filed by a judgment creditor and prays for a discovery, and that the defendants, or some one of them, may pay the full amount of the complainant's judgment, and that certain conveyances, affecting the lands out of which the complainant seeks to have the judgment paid, may be decreed to be fraudulent and set aside, and that the lands be decreed to be sold under the complainant's execution to satisfy said judgment.

The allegations of the bill are that the defendant, William D. Perrine, has conveyed several pieces of land to Samuel E. Perrine, Sarah M. Perrine and Ellen E. Perrine, respectively, which conveyances are specifically set out in the bill. Two of the defendants file demurrers, and each allege as ground for demurrer that said bill

"is exhibited against this defendant, and the several other persons therein named as defendants thereto, for distinct matters and causes, in several whereof, as appears by said bill, this defendant is not in any manner interested or concerned, and that the said bill is altogether multifarious."

The court of chancery of this state has long since held that such a bill, which brings in the alleged fraudulent transactions of the same character, occurring before the entry of the complainant's judgment, and which makes all the grantees of the judgment debtor parties defendant, specifically stating the ground for the making of each of said grantees a defendant, is not multifarious. A bill thus drawn prevents multiplicity of actions and enables the court to determine by a decree, in one suit, the rights and equities of all the parties.

The decision of the learned vice-chancellor in the case before us was based upon the decisions of the court of chancery in *Way* v. *Bragaw, 1 C. E. Gr. 213,* and *Randolph* v. *Daly, 1 C. E. Gr. 313.*

Warwick *v.* Perrine.

In *Way* v. *Bragaw,* Chancellor Green stated the rule in this way: "Where there is one entire case stated as against the debtor, it is no objection that one or more of the defendants, to whom parts of the property have been fraudulently conveyed, had nothing to do with the other fraudulent transactions. \* \* \* In such case neither defendant can demur for multifariousness."

The principle here stated has our approval.

The bill in this case is not multifarious for seeking to set aside, as fraudulent as to creditors, several deeds of land conveyed by the judgment debtor to distinct grantees. It does not appear from the bill how many of said deeds it may be necessary to set aside, or in what order. Upon all these questions, as between the judgment debtor and each of his grantees, and the judgment debtor and the complainant and his rights under his judgment, each of the defendants is entitled to be heard.

The order of the court of chancery appealed from, overruling the demurrer, is affirmed.

*For affirmance*—Van Syckel, Dixon, Garrison, Fort, Hendrickson, Swayze, Bogert, Vredenburgh, Vroom, Green —10.

*For reversal*—None.